## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**

ROYAL PALM OPTICAL, INC., on behalf of
itself and all others similarly situated,

               Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FLORIDA INSURANCE COMPANY,

               Defendants.

**CLASS ACTION COMPLAINT AND
<u>DEMAND FOR JURY TRIAL</u>**

The allegations herein are based on personal knowledge as to Plaintiff's own conduct and
are made upon information and belief as to all other matters based on an investigation by counsel:

## I.    INTRODUCTION

1.    Plaintiff Royal Palm Optical, Inc. ("Plaintiff") brings this class action against
Defendants State Farm Mutual Automobile Insurance Company and State Farm Florida Insurance
Company ("Defendants"), individually and on behalf of all persons or entities in the United States
who purchased State Farm-branded "all risk" commercial property insurance policies that included
Loss of Income and Extra Expense Coverage and were denied claims for lost business income and
extra expenses as a result of social distancing and/or stay-at-home orders issued in connection with
the COVID-19 global pandemic.

2.    Plaintiff owns and operates Royal Palm Optical, which has provided prescription
eyewear and sunglasses to the Boca Raton and Delray Beach areas since 1985. To protect itself
against an unexpected interruption to its business, Plaintiff purchased an "all risk" commercial
property insurance policy from Defendants in 2003 that provided Loss of Income and Extra

Expense Coverage. Plaintiff fully performed its obligations under the Policy and paid over $3,000 to Defendants in annual premium payments.  This Policy, which remains in force as of today, promised Plaintiff the reimbursement of lost income and other expenses in the event that its business was suspended.

3.      Beginning in March 2020 and continuing to the present, Plaintiff, and many other similarly situated individuals and businesses, suffered a dramatic financial hit. In the midst of the COVID-19 global pandemic, states and localities across the nation, including Florida and Palm Beach County, issued orders that limited human interaction and required residents to stay at home. Such orders have prevented businesses – like Royal Palm Optical – from being able to operate and generate revenue.

4.      In Palm Beach County, where Plaintiff operates its business, "[a]ll noncritical retail and commercial business locations" were first ordered closed on March 26, 2020. On March 30, 2020, that restriction was echoed by the Governor of Florida, Ron DeSantis – who issued an Executive Order limiting access to non-essential businesses in Palm Beach County, among others. Then, on April 1, 2020, the Governor ordered all Florida residents to remain at home except when engaging in certain necessary activities.

5.      As a result of these orders, Plaintiff was forced to substantially reduce its business – and is now operating on an emergency basis only – which has resulted in a significant loss of revenue.

6.      Given this complete disruption of its business as a direct result of the aforementioned orders, Plaintiff tendered a claim to Defendants seeking reimbursement for its lost income and other expenses under their policy's Loss of Income and Extra Expense Coverage. *See*

695958v1

Exhibit A.  Defendants, however, wrongfully denied Plaintiff's claim, refusing to provide any reimbursement and claiming that Plaintiff's loss was excluded from coverage.  *See* Exhibit B.

## II.     JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) because: (i) this is a class action, including claims asserted on behalf of a nationwide class, filed under Rule 23 of the Federal Rules of Civil Procedure; (ii) there are thousands of potential class members; (iii) the aggregate amount in controversy exceeds the jurisdictional amount or $5,000,000.00; and (iii) members of the class are citizens of States different from Defendants.

8.     This Court also has subject matter jurisdiction over Plaintiff's and the proposed class's claims pursuant to 28 U.S.C. § 1367(a).

9.     This Court has personal jurisdiction over Defendants, because Defendants have submitted to jurisdiction in this state by marketing, advertising and selling insurance policies, including the insurance policy sold to Plaintiff, within Florida through numerous agents doing business in Florida.  Defendants' actions, denying Plaintiff's insurance claim, have further caused harm to Plaintiff, a Florida resident, as well as members of the class residing in Florida.   In addition, Defendants exercise substantial, systematic and continuous contacts with Florida by doing business in Florida, serving insureds in Florida, and seeking additional business in Florida.

10.     This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy (defined below).

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

695958v1

III.    **PARTIES**

12.    Plaintiff Royal Palm Optical, Inc. is a Florida corporation with its principal place of business located at 17940 N. Military Trail, #400, Boca Raton, FL 33496.

13.    Defendant State Farm Mutual Automobile Insurance Company is organized under the laws of the State of Illinois and licensed in all 50 states, the District of Columbia, and the provinces of Alberta, New Brunswick, and Ontario. Defendant State Farm Mutual Automobile Insurance Company's corporate headquarters is located at One State Farm Plaza, Bloomington, IL 61710.

14.    Defendant State Farm Florida Insurance Company, a wholly owned subsidiary of Defendant State Farm Mutual Automobile Insurance Company, is organized under the laws of the State of Florida and licensed in Florida and Illinois. The company writes property insurance in the State of Florida. Defendant State Farm Florida Insurance Company's principal place of business is located at 7401 Cypress Gardens Boulevard, Winter Haven, FL 33888.

IV.    **FACTUAL ALLEGATIONS**

A.    **The COVID-19 Global Pandemic and Corresponding State Government Action**

15.    In December 2019, a novel strain of coronavirus—now called SARS-CoV-2—was first reported in Wuhan, Hubei province, China. The virus, and the respiratory disease it causes (COVID-19), quickly spread to many other countries, including the United States.

16.    On March 9, 2020, the Governor of Florida, Ron DeSantis, declared a state of emergency, and on March 11, 2020, the World Health Organization declared the COVID-19 outbreak a global pandemic.

17.    By mid-March 2020, there were thousands of confirmed COVID-19 cases in the United States.  On March 16, 2020, in order to slow the spread of the virus, which threatened to

4

overwhelm healthcare systems throughout the country—and in response to research indicating that the virus spreads primarily through close proximity between people—President Donald J. Trump and the Centers for Disease Control and Protection (the "CDC") issued guidance recommending the implementation of "social distancing" policies, such as avoiding gatherings of more than ten people and the closure of certain businesses.

18.     On March 26, 2020, Palm Beach County, which had previously declared a local State of Emergency due to the spread of COVID-19, issued Emergency Order No. 2020-002, which mandated that: "[a]ll noncritical retail and commercial business locations … are ordered closed[.]"

19.     Days later, on March 30, 2020, Governor DeSantis issued Executive Order No. 20-89, which ordered Palm Beach County and neighboring counties "to restrict public access to businesses and facilities deemed non-essential[.]"

20.     Then on April 1, 2020, Governor DeSantis issued Executive Order No. 20-91 ("Order No. 20-91"), which mandated that "[s]enior citizens and individuals with a significant underlying medical condition … shall stay at home and take all measures to limit the risk of exposure to COVID-19."  Order No. 20-91 further ordered that "all persons in Florida shall limit their movements and personal interactions outside their home to only those necessary to obtain or provide essential services or conduct essential activities."

21.     As of the filing of this complaint, similar social distancing/stay-at-home orders were in effect statewide in 38 states and in parts of 7 other states.  Only Arkansas, Iowa, Nebraska, North Dakota, and South Dakota have no such operative orders.

22.     Even with these precautions, it has been reported that over 230,000 people have died worldwide. In the United States alone, over 64,000 have died, with approximately 1.1 million people with confirmed infections.

**B.     Plaintiff's Business and Loss**

23.     Plaintiff owns and operates Royal Palm Optical, which has provided prescription eyewear and sunglasses to the Boca Raton and Delray Beach areas since 1985.

24.     As a result of the above-referenced social distancing/stay-at-home orders, Plaintiff was forced to substantially reduce its normal operations on March 16, 2020.  Since that date, and continuing to the present, Plaintiff has been operating on an emergency basis only, opening for business by appointment only to fix damaged prescription eyewear and conduct emergency vision consultations.

25.     Through no fault of its own, Plaintiff has suffered a loss of revenue in excess of $100,000 in the month of April 2020, as compared to April 2019 – a decrease attributable to the social distancing/stay-at-home orders.

**C.     The Insurance Policy**

26.     In 2003, Defendants sold an insurance policy (Policy No. 98-QC-5216-7) (the "Policy") to Plaintiff. Plaintiff renewed the Policy on March 20, 2020, and the Policy is effective through March 20, 2021. A copy of the Policy is attached hereto as Exhibit A. Among other things, the Policy provided Loss of Income and Extra Expense Coverage.  The Policy was prepared by Defendant State Farm Mutual Automobile Insurance Company and includes standard forms for Businessowners Coverage and Loss of Income and Extra Expense Coverage, among other things.

27.     Plaintiff purchased the Policy from State Farm insurance agent, Rod Mabe Insurance Agency, Inc. (the "Agent"), which is located in Coconut Creek, FL.

695958v1

28.     The Policy was issued to Plaintiff at its principal place of business located at 17940 N. Military Trail, #400, Boca Raton, FL 33496, and the property at this address is the premises covered under the Policy.

29.     The Policy issued to Plaintiff is an "all risk" commercial property policy, which covers loss or damage to the covered premises resulting from all risks other than those expressly excluded.

30.     Plaintiff paid substantial premiums to Defendants in exchange for Defendants' promises to provide the insurance coverage set forth in the Policy.

*1.     Business Income Losses are Covered by the Policy.*

31.     The Declarations for the Policy include an endorsement for coverage of "Loss of Income and Extra Expense." The standard form for Loss of Income and Extra Expense Coverage is identified as CMP-4522.1.

32.     Pursuant to this provision, Defendants have promised to pay for the actual loss of business income sustained as a result of the suspension of Plaintiff and Class members' operations:

**COVERAGES**
**1. Loss Of Income**
a. We will pay for the actual "Loss Of Income" you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by accidental direct physical loss to the property at the described premises. The loss must be caused by a Covered Cause Of Loss …

33.     The Loss of Income and Extra Expense Coverage (CMP-4522.1) also includes coverage for losses resulting from an action of Civil Authority:

**4. Civil Authority**

a. When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual "Loss of Income" you sustain and necessary "Extra Expense" caused by action of civil authority that prohibits access to the described premises …

7

34.     Plaintiff and Class members have suffered a direct physical loss to their property due to the suspension of their business operations from social distancing/stay-at-home orders to stop the transmission of COVID-19.

> 2.     *Social Distancing/Stay-At-Home Orders are a Covered Cause of Loss and Not Excluded by the Policy*

35.     A "Covered Causes of Loss" is defined by the Policy in standard form CMP-4100, as:

> We insure for accidental direct physical loss to Covered Property unless the loss is:
> 1. Excluded in **SECTION I – EXCLUSIONS** …

36.     The Policy includes an Exclusion for "Ordinance Or Law," which is defined as "[t]he enforcement of any ordinance or law … [r]egulating the construction, use or repair of any property [or] requiring the tearing down of any property[.]"

37.      Social distancing/stay-at-home orders do not qualify as an Ordinance or Law excluded under the Policy.

38.     The Policy includes an Exclusion for "Governmental Action," which is defined as the "[s]eizure or destruction of property by order of governmental authority."

39.     Social distancing/stay-at-home orders did not constitute a seizure or destruction of Plaintiff's property, and as such, the Exclusion for Governmental Action does not apply.

40.     The Policy also includes an Exclusion for "Fungi, Virus or Bacteria," which excludes coverage of losses from:

> **(2)** Virus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness or disease; and
> **(3)** We will also not pay for:
> **(a)** Any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the described premises or location of the rebuilding, repair or replacement of that property, by "fungi", wet or dry rot, virus, bacteria or other microorganism;

**(b)** Any remediation of "fungi", wet or dry rot, virus, bacteria or other microorganism, including the cost or expense to:

**i.** Remove the "fungi", wet or dry rot, virus, bacteria or other microorganism from Covered Property or to repair, restore or replace that property;

**ii.** Tear out and replace any part of the building or other property as needed to gain access to the "fungi", wet or dry rot, virus, bacteria or other microorganism; or

**iii.** Contain, treat, detoxify, neutralize or dispose of or in any way respond to or assess the effects of the "fungi", wet or dry rot, virus, bacteria or other microorganism; or

**(c)** The cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of "fungi", wet or dry rot, virus, bacteria or other microorganism, whether performed prior to, during or after removal, repair, restoration or replacement of Covered Property.

41.     Plaintiff's loss here was not caused by the presence of SARS-CoV-2, or an outbreak of COV-19 on its premises. Rather, Plaintiff's loss results directly from social distancing/stay-at-home orders, which have forced Plaintiff to suspend its operations.

**D.     State Farm Denies Plaintiffs' Claim**

42.      On April 21, 2020, Plaintiff submitted a claim for loss of business income and extra expenses under the Policy, as a result of social distancing/stay-at-home orders. The same day, on April 21, 2020, Defendants denied Plaintiff's claim (the "Denial Letter"). A copy of the Denial Letter is attached hereto as Exhibit B.

43.     In the Denial Letter, Defendants stated:

… there is no coverage for the loss of income from the result of a mandatory shutdown due to the COVID-19 (Coronavirus). In order for there to be coverage under the CMP-4522.1 Loss Of Income and Extra Expense endorsement, there needs to be a covered cause of loss insured under the CMP-4100 Businessowners Coverage Form Policy. Losses resulting from or caused by COVID-19 (Coronavirus) are excluded under the policy. Therefore, in the absence of a covered cause of loss, coverage for loss of income would not apply.

44.     In support of its denial of coverage, Defendants generally cited the above-referenced Exclusions.

45.     None of the cited provisions exclude losses resulting from social distancing/stay-at-home orders, and as such, these orders are a Covered Cause of Loss under the Policy, an "all risk" commercial property insurance policy.

46.     Upon information and belief, Defendants have similarly denied coverage nationwide for lost income as a result of social distancing/stay-at-home orders.

47.     Upon Defendants' denial of coverage, Plaintiff requested from the Agent a copy of its commercial property insurance policy. The Agent provided Plaintiff with a copy of the Policy attached as Exhibit A.

## V.     CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this proposed action pursuant to Fed. R. Civ. P. 23(b)(1), 23(b)(2) and 23(b)(3) on behalf of themselves and all members of the proposed class and sub-class (or any other class authorized by the court) defined as follows:

**Nationwide Class**: All persons or entities in the United States that purchased Loss of Income and Extra Expense Coverage from Defendants, with the same or substantially similar terms, and submitted claims for business income losses incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic, which were denied by Defendants (the "Nationwide Class" or "Class").

**Florida Class:** All persons or entities in the State of Florida that purchased Loss of Income and Extra Expense Coverage from Defendants, with the same or substantially similar terms, and submitted claims for business income losses incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic, which were denied by Defendants (the "Florida Sub-Class" or "Sub-Class").

49.     Excluded from the Class and Sub-Class are Defendants and its parents, subsidiaries and corporate affiliates, officers, directors, employees, assigns, and successors, the court, court staff, Defendants' counsel and all respective immediate family members of the excluded entities described above.  Also excluded from the Class and Sub-Class are any and all claims involving personal injury.

695958v1

50.     Plaintiff reserves the right to revise the definition of the Class and Sub-Class based upon subsequently discovered information and reserves the right to establish additional sub-classes where appropriate.  The Class and Sub-Class are collectively referred to herein as the "Classes."

51.     The members of the Classes are so numerous that joinder of all members is impracticable. Plaintiff believes that thousands of persons or entities geographically dispersed throughout the United States and Florida have been damaged by Defendants' misconduct, alleged herein. The names and addresses of the members of the Classes are readily identifiable through documents maintained by Defendants. Members of the Classes may be notified of the pendency of this action by published, mailed, and/or electronic notice.

52.     Plaintiff's claims are typical of the claims of all Class members, as all Class members are similarly affected by Defendants' wrongful conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of all claims of all Class members because its claims arise from the same underlying facts and are based on the same factual and legal theories as the claims of all Class members.

53.     Plaintiff and its counsel will fairly and adequately protect the interests of the Classes. Plaintiff's interests do not conflict with the interests of the Classes it seeks to represent. Plaintiff has retained counsel competent and experienced in class and complex litigation. Plaintiff and its counsel have vigorously prosecuted, and will continue to vigorously prosecute, this action.

54.     Class certification is warranted because common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual Class members. The questions of law and fact common to the Classes include, without limitation:

695958v1

a.  Whether the Policy obligated Defendants to cover Plaintiff and Class members' losses of business income due to social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic;

b.  Whether, through the acts and conduct alleged above, Defendants violated their express or implied obligations to Class members; and

c.  Whether Class members have been damaged by the wrongs alleged herein.

55.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome on the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of the action as a class action conserves resources of the parties and of the judicial system, and protects the rights of the class members. Furthermore, for many, if not most Class members, a class action is the only feasible mechanism that allows them an opportunity for legal redress and justice.

56.     The interest of members within the Classes in individually controlling the prosecution of separate actions is theoretical and not practical.  The Classes have a high degree of similarity and are cohesive, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

57.     The Classes may be certified under Fed. R. Civ. P. 23(b)(1)(A) and (B) because the prosecution of separate actions by individual members of the Classes would create a risk of

inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant, would be dispositive of the interests of nonparties to the individual adjudications, and would substantially impair the ability of such nonparties to protect their interests.

58.     The Classes may also be certified under Fed. R. Civ. P. 23(b)(2) because Defendants have acted on grounds generally applicable to the Classes, thereby making it appropriate to award declaratory relief with respect to the Classes.

59.     Further, questions of law and fact common to members of the Classes predominate over any questions affecting any individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy as recognized by Fed. R. Civ. P. 23(b)(3).

## VI.    CLAIMS FOR RELIEF

### COUNT I
### DECLARATORY JUDGMENT

60.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the above paragraphs.

61.     Plaintiff brings this cause of action on behalf of itself and the Classes.

62.     The Policy is an insurance contract under which Defendants were paid premiums in exchange for its promise to pay Plaintiff and Class Members' losses for claims covered by the Policy, such as loss of business income and extra expenses incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic.

63.     Plaintiff and the members of the Classes have complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy.

64.     Defendants have arbitrarily and without justification refused to reimburse Plaintiff and Class members for loss of business income incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic.

65.     An actual case or controversy exists regarding the rights of Plaintiff and Class members and Defendants' obligations under the Policy to reimburse Plaintiff and Class members for the full amount of losses incurred by them as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic.

66.     Pursuant to 28 U.S.C. § 2201, Plaintiff and Class members seek a declaratory judgment from this Court declaring the following:

    a.   Plaintiff and Class members' business income losses and extra expenses, incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic, are insured losses under the Policy; and

    b.   Defendants are obligated to pay Plaintiff for the full amount of the business income losses and extra expenses incurred and to be incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic.

**COUNT II**
**BREACH OF CONTRACT**

67.     Plaintiff incorporates by reference, as if fully set forth herein, the facts set forth in the above paragraphs.

68.     Plaintiff brings this cause of action on behalf of itself and the Classes.

69.     The Policy is an insurance contract under which Defendants were paid premiums in exchange for their promise to pay the losses of Plaintiff and Class members for claims covered by the Policy, such as business income losses and extra expenses incurred as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic.

14

695958v1

70.     Plaintiff and Class members have complied with all applicable provisions of the Policy, including payment of the premiums in exchange for coverage under the Policy, and yet Defendants have abrogated their insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

71.     By denying coverage for any business income losses and extra expenses incurred by Plaintiff and Class members as a result of social distancing and/or stay-at-home orders in connection with the COVID-19 global pandemic, Defendants have breached their coverage obligations under the Policy.

72.     As a result of Defendants' breach of the Policy, Plaintiff and Class members have sustained substantial damages for which Defendants are liable, in an amount to be established at trial.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, respectfully request that this Court enter judgment against Defendants and in favor of Plaintiff and the Classes, and award the following relief:

A.      An order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, declaring Plaintiff as the representatives of the class, and Plaintiff's counsel as counsel for the class;

B.      An order declaring that Defendants have breached their contractual obligations to Plaintiff and Class members;

C.      An order temporarily and permanently enjoins Defendants from engaging in the unlawful practices alleged herein;

695958v1

D.     An order awarding actual damages to Plaintiff and Class members to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendants' breaches and unlawful conduct;

E.     An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

F.     An award of costs, expenses and attorneys' fees as permitted by law; and

G.     Such other or further relief as the Court may deem appropriate, just, and equitable.

## VIII.  DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 5, 2020        Respectfully submitted,

/s/ Zachary S. Bower
ZACHARY S. BOWER
Florida Bar No. 17506
zbower@carellabyrne.com
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
Security Building
117 NE 1st Avenue
Miami, Florida 33132-2125
Telephone: (973) 994-1700

JAMES E. CECCHI
jcecchi@carellabyrne.com
LINDSEY H. TAYLOR
ltaylor@carellabyrne.com
CARELLA, BYRNE, CECCHI, OLSTEIN,
BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Telephone: (973) 994-1700

695958v1

Joseph H. Meltzer
jmeltzer@ktmc.com
Darren J. Check
dcheck@ktmc.com
Naumon Amjed
namjed@ktmc.com
Ethan Barlieb
ebarlieb@ktmc.com
Jordan Jacobson
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff and the proposed class*