UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:20-80749-CIV-SMITH

**ROYAL PALM OPTICAL, INC.**, on behalf
of itself and all others similarly situated,

    Plaintiff,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FLORIDA INSURANCE COMPANY,**

    Defendants.

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY

Royal Palm Optical, Inc. ("Plaintiff"),[1] hereby responds to State Farm Mutual Automobile Insurance Company's and State Farm Florida Insurance Company's (collectively "State Farm") Fourth Notice of Supplemental Authority in Support of Motion to Dismiss ("Fourth Supplemental Authority") (ECF No. 43). As an initial matter, this is the fourth time that State Farm has submitted impermissible argument for which they did not seek leave to file. *See* Local Rule 7.1(c) (noting that after a reply is filed "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court"). State Farm should not be permitted to continually waste this Court's and Plaintiff's time and resources by submitting inapposite case law after briefing on

---

[1] All terms not defined herein shall have the meaning attributed to them in the First Amended Complaint (ECF No. 25) (the "Complaint"). All references to "Ex." refer to Exhibits attached to the Complaint.

1

its Motion to Dismiss has closed.[2] Accordingly, the Fourth Supplemental Authority should be stricken.

Further, State Farm has again submitted inapposite cases.[3] The cases cited in State Farm's Fourth Supplemental Authority– *It's Nice, Inc. v. State Farm Fire and Casualty Co.*, No. 20-L-547 (Cir. Ct. Ill. Sept. 29, 2020), *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London Known as Syndicate*, 2020 WL 5791583 (M.D. Fla. Sept. 28, 2020), *Oral Surgeons, P.C. v. The Cincinnati Insurance Company*, 2020 WL 5820552 (S.D. Iowa Sept. 29, 2020), and *Rhonda Hill Wilson, et al. v. Hartford Cas. Co., et al.*, 2020 WL 5820800 (E.D. Pa. Sept. 30, 2020)—are all distinguishable and do not support State Farm's Motion to Dismiss Amended Complaint for Failure to State a Claim (ECF No. 33) ("Motion to Dismiss").

First, in *It's Nice Inc.*, the court based its decision on cases from other states in ruling on what constitutes a "direct physical loss to property." No. 20-L-547, at *27–30.  This decision is not binding on this Court and is also inconsistent with Florida law. As set forth in Plaintiff's briefing, Florida courts recognize that "direct physical loss" *does not* require structural or tangible damage to property—rather, an inability to use property for its intended use is a direct physical

---

[2] Pursuant to a Court order State Farm was permitted to file a 25 page brief in support of its Motion to Dismiss (ECF 28) and pursuant to Local Rule 7.1(c)(2), State Farm's reply was permitted to be 10 pages; State Farm used all of those pages in its briefing. Since the close of briefing, State Farm has filed 4 notices of supplemental authority compromised of 9 additional pages. In total, State Farm's briefing on the Motion to Dismiss now amounts to 44 pages of briefing-9 over the page limits established by the Court's order and the Local Rule. Over 240 lawsuits regarding the denial of business interruption insurance claims have been filed throughout the country. If State Farm is permitted to continue its pattern of filing "supplemental authority" each time a non–binding decisions is issued, this could amount to hundreds of pages of briefing on State Farm's Motion to Dismiss. This is an end-run around the Local Rules and should be rejected.

[3] Plaintiff's Response to Defendants' Notices of Supplemental Authority (ECF 40) details how the cases cited in State Farm's First and Second Notice of Supplemental Authority (ECF 38, 39) were distinguishable from the issues in this case. Plaintiff's Response to Defendants' Third Notice of Supplemental Authority (ECF 42) details how the cases cited in State Farm's Third Notice of Supplemental Authority (ECF 41) were distinguishable from the issues in this case.

loss to property. *Widdows v. State Farm Fla. Ins. Co.*, 920 So. 2d 149, 150 (Fla. 5th Dist. Ct. App. 2006) ("As to the issue of whether evidence was adduced of a 'physical loss,' we conclude that the abnormality in the [property] itself was such a 'loss' . . . it was not necessary for [the insured] to establish any resulting damage from this condition."); *Homeowners Choice Prop. & Cas. v. Maspons*, 211 So. 3d 1067, 1069 (Fla. 3rd Dist. Ct. App. 2017) (the failure of property to perform its function constituted a direct physical loss). These decisions, *unlike It's Nice Inc.* and the non–binding case law upon which it is based, are directly relevant to this case and support Plaintiff's claim of direct physical loss under Florida law. *It's Nice Inc,'s* ruling regarding "direct physical loss to property" does not apply Florida law and is not relevant to this Court's ruling on the Motion to Dismiss.

*Infinity Exhibits, Oral Surgeons*, and *Wilson* are also inapposite. The *Infinity Exhibits* plaintiff is a company that "designs and fabricates trade show displays." *Infinity Exhibits, Inc*. 2020 WL 5791583, at *1. The *Infinity Exhibits* plaintiff suffered business losses when trade shows were cancelled. Importantly, the *Infinity Exhibits* plaintiff's complaint did "not include any allegations that Plaintiff was precluded from accessing the Property as a result of COVID-19 or any of the related government orders and social distancing requirements" and plaintiff did not "describe how [its] [p]roperty or any other property experienced 'direct physical loss or damage.'" *Id*. at *2. In stark contrast, Plaintiff's complaint specifically alleges that social distancing, business closure and/or stay–at–home orders precluded access to Plaintiff's property. *See* First Amended Complaint ¶¶ 5, 55, 57–58, 60, 79. Moreover, in *Infinity Exhibits*, plaintiff argued "that economic damage is synonymous with 'physical loss' and is therefore covered under the [insurance] Policies." *Infinity Exhibits, Inc*. 2020 WL 5791583, at *3. Here, dissimilarly, Plaintiff explicitly alleges that there has been a direct physical loss to the buildings, structures and

personal property used at Plaintiff's business. First Amended Complaint ¶¶ 80–84. As discussed in Plaintiff's briefing, Plaintiff's property cannot be used for business activity in accordance with its status before social distancing, business closure and/or stay–at–home orders were issued, and plaintiff has thus suffered a direct physical loss to property. Opp. to Mot. to Dismiss at 8–10.[4]

In *Oral Surgeons*, plaintiff alleged its "loss was caused by the COVID-19" and similarly in *Wilson*, the plaintiffs specifically alleged that "Coronavirus caused direct physical damage and loss of property at their scheduled premises . . . [and] that the Coronavirus causes physical harm to property." *Oral Surgeons, P.C.* 2020 WL 5820552, at *1; *Wilson* 2020 WL 5820800, at *2. These facts are entirely distinct from those alleged here, where there has been no claim for losses stemming from the presence of, or contamination by, COVID–19 on Plaintiff's property.  Rather, Plaintiff is asserting that social distancing, business closure, and/or stay–at–home orders caused direct physical loss to Plaintiff's property. *See* First Amended Complaint ¶¶ 5, 58, 60, 79–80, 83, 96, 106.

For these reasons, Plaintiff respectfully submits that these authorities are not relevant or persuasive and that State Farm's Motion to Dismiss should be denied.

Dated: October 16, 2020                                                                 Respectfully Submitted,

/s/ *Zachary S. Bower*
ZACHARY S. BOWER
Florida Bar No. 17506

---

[4] Moreover, as discussed in Plaintiff's briefing, the *Mama Jo's, Inc. v. Sparta Ins. Co.*, 2018 WL 3412974, at *9 (S.D. Fla. June 11, 2018) case discussed in *Infinity Exhibits* is also distinct. Opp. to Mot. to Dismiss at 10.  In *Mama Jo's* the court found that "[s]everal courts have held that 'physical loss' occurs when property becomes . . . substantially 'unusable'" and, then found there was not direct physical loss on other grounds, including that the property was not "uninhabitable or unusable" given that it "remained open every day" and "customers were always able to access the [property]." *Mama Jo's* 2018 WL 3412974, at *9.  Here, Plaintiff's property was unusable, did not remain open every day, and customers could not access the property. First Amended Complaint ¶¶ 55–60.

zbower@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO,
P.C.
Security Building
117 NE 1st Avenue
Miami, Florida 33132-2125
Telephone: (973) 994-1700

JAMES E. CECCHI
jcecchi@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO,
P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Telephone: (973) 994-1700

Darren J. Check
dcheck@ktmc.com
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Natalie Lesser
nlesser@ktmc.com
Jordan Jacobson
jjacobson@ktmc.com
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff and the proposed classes*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Zachary S. Bower*
ZACHARY S. BOWER