IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

| | |
|---|---|
| ROYAL PALM OPTICAL, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FLORIDA INSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO.:<br>9:20-cv-80749 |

**STATE FARM'S SEVENTH NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS**

State Farm respectfully files this notice of the following supplemental authorities in support of its motion to dismiss: *Boxed Foods Company, LLC v. California Capital Insurance Company*, 2020 WL 6271021 (N.D. Cal. Oct. 27, 2020) (Ex. 1); *West Coast Hotel Management, LLC v. Berkshire Hathaway Guard Insurance Companies*, 2020 WL 6440037 (N.D. Cal. Oct. 27, 2020) (Ex. 2); *Vizza Wash, LP v. Nationwide Mutual Insurance Company and Bradley Worth*, No. 20-cv-00680 (W.D. Tex. Oct. 26, 2020) (Ex. 3); *Uncork and Create LLC v. The Cincinnati Insurance Company*, No. 20-cv-00401 (S.D.W. Va. Nov. 2, 2020) (Ex. 4); *Real Hospitality, LLC v. Travelers Casualty Insurance Company*, No. 20-cv-00087 (S.D. Miss. Nov. 4, 2020) (Ex. 5); and *Raymond H. Nahmad DDS PA v. Hartford Casualty Insurance Company*, 2020 WL 6392841 (S.D. Fla. Nov. 2, 2020) (Ex. 6).

In *Boxed Foods*, the federal district court in California dismissed, as a matter of law and with prejudice, COVID-19 business interruption claims. In holding that the virus exclusion barred the claims, the court rejected the argument that the virus exclusion did not apply to a pandemic.

Ex. 1 at *4-5.  The court also rejected plaintiff's argument that it should be allowed to rely upon extrinsic evidence, such as the 2006 ISO circular and alleged misrepresentations made to regulators, to inform the "scope and validity" of the virus exclusion and the parties' reasonable expectations regarding it.  *Id.* at *5-6.  The court held that extrinsic evidence—which, in any event, "suggest that state regulators intended to exclude coverage for damages caused by a pandemic"— cannot be introduced to contradict the "plain, unambiguous" and "ordinary meaning" of the virus exclusion.  *Id.* at *6.

In *West Coast Hotel*, the federal district court in California rejected, as a matter of law and with prejudice, the allegation that there was a "direct physical loss of or damage to" the covered property.  Ex. 2 at *4.  In holding that the virus exclusion also barred the claims, the court rejected the argument that the virus exclusion did not apply to a pandemic, finding it "akin to arguing that a coverage exclusion for damage caused by fire does not apply to damage caused by a very large fire."  *Id.* at *6.

In *Vizza Wash*, the federal district court in Texas dismissed COVID-19 business interruption claims, as a matter of law and with prejudice, based on the policy's virus exclusion.  Ex. 3 at 14.

In *Uncork and Create*, the federal district court in West Virginia dismissed COVID-19 business interruption claims, as a matter of law.  The court held that "[t]he novel coronavirus has no effect on the physical premises of a business" and "even when present, COVID-19 does not threaten the inanimate structures covered by property insurance policies, and its presence on surfaces can be eliminated with disinfectant.  Thus, even actual presence of the virus would not be sufficient to trigger coverage for physical damage or physical loss to the property."  Ex. 4 at 7, 9, 10.

In *Real Hospitality*, the federal district court in Mississippi dismissed COVID-19 business interruption claims, as a matter of law.  The court held that the plaintiff had not properly alleged

direct physical loss and that "even if Plaintiff was able to show it suffered such loss or damage, coverage would be precluded" under the "clear" and "unequivocal" language of the virus exclusion. Ex. 5 at 11, 13.

In *Nahmad*, the federal district court in Florida dismissed COVID-19 business interruption claims, as a matter of law and with prejudice. The court held that the plaintiff had not alleged direct physical loss and that "even if the Complaint's allegations came within the Policy's coverage grants, the virus exclusion applies to bar coverage." Ex. 6 at *8-10.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Douglas W. Dunham<br>Bert L. Wolff<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY  10036<br>(212) 698-3500 (Telephone)<br>(212) 698-3599 (Fax)<br>douglas.dunham@dechert.com<br>bert.wolff@dechert.com | */s/ D. Matthew Allen*<br>Benjamine Reid (FBN 183522)<br>CARLTON FIELDS, P.A.<br>Miami Tower<br>100 S.E. Second Street, Suite 4200<br>Miami, FL 33131-2113<br>Telephone: (305) 539-7222<br>Facsimile: (305) 530-0055<br>Email: breid@carltonfields.com<br><br>D. Matthew Allen (FBN 866326)<br>CARLTON FIELDS, P.A.<br>4221 W. Boy Scout Blvd., Suite 1000<br>Tampa, FL 33607<br>Telephone No. (813) 223-7000<br>Facsimile No. (813) 229-4133<br>Email: mallen@carltonfields.com<br><br>**ATTORNEYS FOR DEFENDANT** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2020, I filed a true and correct copy of the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ D. Matthew Allen*
Attorney
