UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:20-80749-CIV-SMITH

**ROYAL PALM OPTICAL, INC., on behalf
of itself and all others similarly situated,**

    **Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FLORIDA INSURANCE COMPANY,**

    **Defendants.**

_____

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
OPPOSITION TO MOTION TO DISMISS**

Royal Palm Optical, Inc. ("Plaintiff"),[1] hereby files this Notice of Supplemental Authority in support of Plaintiff's Opposition (ECF 36) (the "Opposition") to the Motion to Dismiss (ECF 33) (the "Motion to Dismiss") filed by State Farm Mutual Automobile Insurance Company and State Farm Florida Insurance Company (collectively "Defendants" or "State Farm") and in further opposition to the Motion to Dismiss. Plaintiff respectfully files this notice of the following case that supports the Opposition: *Urogynecology Specialist of Fla. LLC v. Sentinel Ins. Co., Ltd.*, 2020 WL 5939172 (M.D. Fla. Sept. 24, 2020) (attached hereto as Exhibit A).

*Urogynecology*, a decision from the Middle District of Florida applying Florida law and involving the exact issues raised in the Motion to Dismiss and Opposition—is controlling authority that supports Plaintiff's position. 2020 WL 5939172, at *4 (holding that the plain language of an insurance

---

[1] All terms not defined herein shall have the meaning attributed to them in the First Amended Complaint (ECF No. 25) (the "Complaint"). All references to "Ex." refer to Exhibits attached to the Complaint.

1

policy with a virus exclusion, did not unambiguously bar coverage for losses stemming from governmental orders related to the COVID–19 pandemic). In *Urogynecology*, plaintiff's claim, just like Royal Palm's claim, arose after "the Governor of Florida issued an executive order declaring a state of emergency in Florida due to the COVID–19 pandemic." 2020 WL 5939172, at *1. After this order was issued, plaintiff "could not operate as intended [and] [w]hile [p]laintiff's business was shut down, [p]laintiff suffered numerous losses including loss of use of the insured property, loss of business income, and loss of accounts receivable." *Id*. This is the exact loss that Royal Palm has suffered. Complaint ¶¶ 4, 7–10, 60–62, 82. Further, like Royal Palm's Policy, the *Urogynecology* plaintiff's insurance policy provided coverage for "direct physical loss" to property and coverage for the loss of business income and extra expenses. 2020 WL 5939172 at *1.

Just as Plaintiff argued in the Opposition, the *Urogynecology* court held that plaintiff successfully stated a claim by alleging "the existence of [an] insurance contract, losses which may be covered under the insurance contract, and [the insurer's] failure to pay for the losses." *Id*. at *4. As State Farm argues here, defendant Sentinel Insurance Company, Ltd. ("Sentinel"), argued that the "plain language" of a virus exclusion (nearly identical to the Virus Exclusion at issue here[2]), excluded coverage for plaintiff's losses. *Id*. at *3. As Plaintiff argued in the Opposition, the *Urogynecology* court agreed that the virus exclusion ***did not*** unambiguously bar claims which do not stem from ***the presence, growth, proliferation, or spread of a virus***. *See id*. at *4 (emphasis added). Applying Florida law regarding the interpretation of insurance policies, the court held that "several arguably ambiguous aspects of the Policy make determination of coverage inappropriate at this stage" and specifically found that "[d]enying coverage for losses stemming from COVID-19 . . . does not logically align with the

---

[2] The virus exclusion at issue in *Urogynecology* excluded coverage for any loss or damage to property caused by "[p]resence, growth, proliferation, spread or any activity of 'fungi,' wet rot, dry rot, bacteria or virus." *Urogynecology*, 2020 WL 5939172, at *3.

grouping of the virus exclusion with other pollutants such that the Policy necessarily anticipated and intended to deny coverage for these kinds of business losses." *Id*.

The *Urogynecology* court also agreed with Plaintiff's argument in the Opposition that cases applying different policy exclusions are not relevant to the application of a virus exclusion. Specifically, the *Urogynecology* court found that cases cited by Sentinel concerning the application of "pollution exclusions and sewage backups, damage caused by mold, and claims resulting from illness or disease, all of which fell under policy exclusions" did not support application of the virus exclusion to deny claims stemming from COVID–19 business closures. *Id*.

*Urogynecology* further supports that the Motion to Dismiss should be denied.

Dated: November 12, 2020

Respectfully Submitted,

/s/ *Zachary S. Bower*
ZACHARY S. BOWER
Florida Bar No. 17506
zbower@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
Security Building
117 NE 1st Avenue
Miami, Florida 33132-2125
Telephone: (973) 994-1700

JAMES E. CECCHI
jcecchi@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068-1739
Telephone: (973) 994-1700

Darren J. Check
dcheck@ktmc.com
Joseph H. Meltzer
jmeltzer@ktmc.com
Melissa L. Troutner
mtroutner@ktmc.com
Natalie Lesser

3

nlesser@ktmc.com
Jordan Jacobson
jjacobson@ktmc.com
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff and the proposed classes*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 12, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ *Zachary S. Bower*
                                        ZACHARY S. BOWER